IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


RYAN ENVIRONMENTAL, INC.,

                Plaintiff,


v.                              //   CIVIL ACTION NO. 1:10CV27
                                     (Judge Keeley)


HESS OIL COMPANY, INC.,
AIG DOMESTIC CLAIMS, INC.,
division of AUI Holdings, Inc.,
and COMMERCE & INDUSTRY
INSURANCE COMPANY,

                Defendants.

         MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
          MOTION TO REMAND [DKT. NO. 16] AND DENYING AS MOOT
              DEFENDANTS' MOTION TO DISMISS [DKT. NO. 14]


                         I.   INTRODUCTION

     The    plaintiff,   Ryan   Environmental,   Inc.   ("Ryan

Environmental"), filed a motion to remand on March 11, 2010 (dkt.

no. 16).  Following full briefing, the parties argued the motion at

a hearing on May 14, 2010.  After due consideration of the parties'

arguments, the Court orally **GRANTED** Ryan Environmental's motion to

remand (dkt. no. 16), and **REMANDED** the case to the Circuit Court of

Harrison County, West Virginia, and **DENIED AS MOOT** the defendants'

motion  to  dismiss.   (dkt.  no.  14).   This  memorandum  opinion

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS**

memorializes the Court's reasons for granting the plaintiff's motion to remand.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Mount Storm Exxon site is located on Route 50 in Mount Storm, West Virginia (the "Mount Storm site"). Prior to May 5, 1998, the defendant, Hess Oil Company ("Hess Oil"), owned and operated the Mount Storm site. On April 15, 1997, the West Virginia Division of Environmental Protection ("WVDEP") issued a notice to Hess Oil confirming that vapors and fumes were leaking from the Mount Storm site and directing that a Site Investigation Report be conducted to evaluate whether the leak contaminated the nearby soil. On September 9, 1997, the WVDEP confirmed the presence of soil contamination and, on October 14, 1999, conditionally approved Hess Oil's proposed Corrective Action Plan. Following the WVDEP's confirmation of soil contamination at the Mount Storm site, in October of 1997, Hess Oil applied for a Storage Tank Third-Party Liability Corrective Action and Cleanup Policy ("Storage Tank Policy") issued by defendant Commerce & Industry Insurance Company ("C&I").

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
## MOTION TO REMAND AND DENYING AS MOOT
## DEFENDANTS' MOTION TO DISMISS

According to the allegations of the defendants, C&I and C&I's claims handling agent, Chartis Claims, formerly known as AIG Domestic Claims, Inc. ("Chartis Claims") (collectively, "the C&I defendants"), Hess Oil did not disclose its knowledge of contamination at the site at the time it applied for the Storm Tank Policy in October 1997, and reported it for the first time in January of 1999. On July 16, 1999, the C&I defendants accepted coverage for the site cleanup, subject to a reservation of rights. Chartis Claims oversaw the claim and monitored work plans and budgets, and reviewed proposals submitted to it for necessity and reasonableness.

To assist with the remediation of the Mount Storm site, Hess Oil hired Ryan Environmental in 2001. According to Ryan Environmental, from at least 2007 forward, all of its correspondence regarding the Mount Storm project was exchanged with the C&I defendants, not Hess Oil. Ryan Environmental asserts that, during the time of that correspondence, it provided remediation services at the Mount Storm site and continued to submit project proposals to the C&I defendants, all of which were approved until May 29, 2009, when the C&I defendants directed Ryan Environmental to halt any work until further notice. Ryan Environmental alleges

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S**
**MOTION TO REMAND AND DENYING AS MOOT**
**DEFENDANTS' MOTION TO DISMISS**

that, to the present, it has submitted unpaid invoices to the C&I defendants totaling $252,977.

Meanwhile, on August 19, 2009, the C&I defendants sent a letter to Bill Brown, President of then-dissolved Hess Oil,[1] informing him that they were disclaiming coverage to Hess Oil under the Storage Tank Policy due to the fact that, at the time it had applied for coverage in 1997, Hess Oil failed to disclose the WVDEP's 1997 written confirmation of a gas leak at the site.

Ryan Environmental filed this lawsuit in the Circuit Court of Harrison County, West Virginia, on January 14, 2010. Its complaint seeks compensation totaling $252,977 for work it performed at the Mount Storm site at the behest of either Hess Oil or the C&I defendants. Ryan Environmental also alleges that it and Hess Oil are West Virginia corporations with their principal places of business in West Virginia, that Chartis Claims has its principal place of business in New Jersey, and that C&I is a New York corporation with its principal place of business in New York. It further asserts that it is entitled to relief from either Hess Oil for breach of contract under an agreement formed with the company

---

[1] Hess Oil filed its Articles of Dissolution with the West Virginia Secretary of State in December of 2007, and was dissolved on May 9, 2008.

4

MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS

in 2001, or, alternatively, from the C&I defendants for their breach of an agreement formed through a course of dealing while Ryan Environmental performed work at the direction of the C&I defendants. Ryan Environmental also alleges that the C&I defendants negligently misrepresented its intent to compensate Ryan Environmental for work it authorized the company to perform.

On February 17, 2010, pursuant to 28 U.S.C. §§ 1332 and 1441 the C&I defendants removed the case to this Court without the consent of Hess Oil. They now argue that Hess Oil's consent to removal was unnecessary because that company had been dissolved in May 9, 2008 and was not a viable party to the action.

Following removal, and pursuant to Federal Rule of Civil Procedure 12(b)(6), on March 10, 2010, the C&I defendants moved to dismiss all of Ryan Environmental's claims against them. On March 11, 2010, Ryan Environmental moved to remand the case to the Circuit Court of Harrison County on the ground that the notice of removal was deficient because Hess Oil's consent to removal had not been obtained and was necessary, and also because diversity of citizenship was lacking due to the fact that Ryan Environmental and Hess Oil are both citizens of West Virginia.  The C&I defendants countered by asserting that Hess Oil's citizenship may be

disregarded for removal purposes and does not destroy diversity of citizenship because 1) it is not a viable party to the case; 2) it was fraudulently joined; 3) it was misjoined; or 4) it should be realigned and counted as a plaintiff.

### III.   DISCUSSION

#### A.   Standard

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," as well as all actions in which the amount in controversy exceeds $75,000 and all plaintiffs are diverse from all defendants.   28 U.S.C. §§ 1331 (federal question jurisdiction), 1332 (diversity of citizenship jurisdiction); Lincoln Property Co. v. Roche, 546 U.S. 81, 89 (2005) (interpreting 28 U.S.C. § 1332 to "require complete diversity between all plaintiffs and all defendants."). When a federal district court's original jurisdiction is premised on diversity of citizenship jurisdiction, a defendant who is not a citizen of the state in which a state court action is filed may remove that action to a federal district court only if the federal district court could have had original jurisdiction over the case when it was first filed.   28 U.S.C.

6

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS**

§§ 1441(a), (b).  When more than one defendant is named in the complaint, "all the defendants must join in removal."  <u>Chicago, R. I.&P. Ry. Co. v. Martin</u>, 178 U.S. 245, 248 (1900); <u>Justice v. Branch Banking & Trust Co.</u>, No. 2:08-230, 2009 U.S. Dist. LEXIS 24668 (S.D.W. Va. Mar. 24, 2009) (Copenhaver, J.).  Removal statutes are strictly construed against the party seeking removal, and the burden of establishing jurisdiction rests on that party.  <u>Mulcahey v. Columbia Organic Chemicals Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994).

Despite these general rules, when ascertaining the diversity of the parties for jurisdictional purposes, courts are not bound to give blind deference to the pleadings, but instead may determine whether diversity jurisdiction is proper by looking to the real parties in interest.  <u>See</u> <u>17th Street Associates, LLP v. Markel Intern. Ins. Co. Ltd.</u>, 373 F. Supp.2d 584, 594-95 (E.D. Va. 2005) (quoting <u>Navarro Sav. Ass'n v. Lee</u>, 446 U.S. 458, 460-61 (1980)).  In conducting such inquiries, courts have developed several exceptions to the removal statutes that permit courts to disregard the citizenship of a party named in an action whenever that party is a nominal party or has been fraudulently joined, or to sever and remand a diversity-destroying defendant if he has been misjoined in

7

an action. See Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999) (recognizing fraudulent joinder as an exception to the general rule of complete diversity); Hughes v. Sears, Roebuck and Co., No. 2:09-CV-93, 2009 U.S. Dist. LEXIS 82550, at *15-16 (N.D.W. Va. Sep. 3, 2009) (Bailey, C.J.) (recognizing misjoinder as an exception to the removal statutes); Allen v. Monsanto Company, 396 F. Supp.2d 728, 733 (S.D.W. Va. 2005) (Chambers, J.) (recognizing that "nominal parties" may be disregarded for diversity of citizenship purposes).

The Fourth Circuit has also recognized that, in determining whether all plaintiffs are diverse from all defendants, district courts are not confined to the plaintiff's designation of each party as a plaintiff or a defendant in the complaint, but rather may determine a party's status according to the "principal purpose" of naming that party in the suit. U.S. Fidelity and Guar. Co. v. A & S Mfg. Co., Inc., 48 F.3d 131, 133 (4th Cir. 1995). Hence, if, in light of "the primary issue in the controversy," a party named as a diversity-destroying defendant is in actuality a diversity-preserving plaintiff, district courts may realign that party as a plaintiff and, for jurisdictional purposes, its designation in the complaint as a defendant will not destroy the court's jurisdiction.

8

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS**

Id.; Smilgin v. New York Life Ins. Co. 854 F. Supp. 464, 465 (S.D. Tex. 1994) ("federal law determines who is a plaintiff and who is a defendant for purposes of applying the removal statute, and the Court may realign the parties according to their real interests before deciding whether a true 'defendant' is petitioning for removal.").

## B.  The Exceptions

Because the C&I defendants have argued alternatively that at least one of the recognized exceptions to diversity described above rendered their removal of the case to this Court proper, the applicability of each will be analyzed in turn.  For the reasons discussed below, however, the Court concludes that Hess Oil was properly named as a defendant in Ryan Environmental's complaint, that its consent to removal was necessary, and that complete diversity of citizenship is lacking. It therefore lacks jurisdiction and remand of this case to state court is appropriate.

### 1.  Nominal Parties

The C&I defendants argue that Hess Oil is a nominal party because Ryan Environmental's claims against the dissolved corporation are statutorily precluded under the law of West Virginia, and that Hess Oil is entirely lacking in assets and could

9

not be expected to respond to a claim for damages against it. Generally, a nominal party need not join in a notice of removal, and such a party's presence in a lawsuit will have no bearing on a court's diversity jurisdiction. <u>See</u> <u>Salem Trust Co. v. Manufacturers' Finance Co.</u>, 264 U.S. 182, 189-90 (1924); <u>S.E.C. v. Cherif</u>, 933 F.2d 403, 414 n.13 (7th Cir. 1991); <u>American Country Ins. Co. v. Turner Const. Co.</u>, No. 01-C-95-61, 2002 WL 507128, at *2 (N.D. Ill. 2002). Determining whether a defendant is a nominal defendant "depends on the facts in each case," and will turn on "whether there is any legal possibility for predicting that [the party] may be held liable." <u>Allen</u>, 396 F. Supp.2d at 733.

Under these standards, Hess Oil is not a nominal party to this suit. First, under Federal Rule of Civil Procedure 17(b), a corporation's capacity to sue or be sued is determined "by the law under which it was organized." Fed. R. Civ. P. 17(b). Hess Oil was organized under the laws of West Virginia, and that state's laws therefore determine its capacity to sue or be sued as a dissolved corporation.

With regard to dissolved corporations, in West Virginia "[d]issolution of a corporation does not . . . (5) [p]revent commencement of a proceeding by or against the corporation in its

RYAN ENVIRONMENTAL, INC. V. HESS OIL, INC., ET AL.          1:10CV27

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS**

corporate name." W. Va. Code Ann. § 31D-14-1405(b)(5) (West 2010).

Although the West Virginia Supreme Court of Appeals has not had

occasion to construe this language, numerous courts construing

identical language in other jurisdictions have held that it renders

a post-dissolution corporation subject to suit. See Ratermann v.

Cellco Partnership, No. 4:09CV126DDN, 2009 U.S. Dist. LEXIS 36018

(E.D. Mich. Apr. 28, 2009) (Missouri); VCR Jobs Corp. v. Heartland

Communications Internet Services, Inc., No. 5:07-CV-57-R, 2008 U.S.

Dist. LEXIS 2546, at *3-*4 (W.D. Ky. Jan. 14, 2008) (Illinois);

O'Very v. Spectratek Technologies, Inc., No. CV03-0540, 2003 U.S.

Dist. LEXIS 27839 (C.D. Cal. Aug. 7, 2003) (Utah); and Barrett v.

Waldbauer, 32 F. Supp.2d 1222, 1224 (D. Or. Nov. 12, 1998)

(Oregon).

Despite this language, the C&I defendants contend that Ryan

Environmental's claims against Hess Oil are precluded by W. Va.

Code § 31D-14-1407, a provision limiting claims against a dissolved

corporation "to the extent of its undistributed assets," and,

because Hess Oil has no undistributed assets, a suit against it may

not be maintained. W. Va. Code Ann. § 31D-14-1407. The C&I

defendants, however, misread Title 31D of the West Virginia Code.

First, as Ryan Environmental correctly asserts, the plain text of

W. Va. Code § 31D-14-1405 permits a dissolved corporation to sue and be sued under West Virginia law. This conclusion is consistent with holdings by other courts construing identical statutory language. <u>See</u>, <u>e.g.</u>, <u>Barrett</u>, 32 F. Supp.2d at 1224 (construing Oregon statutes).

Further, despite § 31D-14-1407's limitation on recovery against a dissolved corporation "to the extent of its undistributed assets," that section also states that "[i]f the assets have been distributed in liquidation," recovery may be enforced "against a shareholder of the dissolved corporation to the extent of his or her pro rata share of the claim or the corporate assets distributed to him or her in liquidation, whichever is less, but a shareholder's total liability for all claims under this section may not exceed the total amount of assets distributed to him or her." W. Va. Code §§ 31D-14-1407(d)(1), (2). At oral argument, counsel for the C&I defendants conceded that it was unknown whether Hess Oil in fact possesses any undistributed assets. This fact aside, and even assuming that all of Hess Oil's assets were distributed upon dissolution, there would still be the possibility that Ryan Environmental would be able to recover against Hess Oil's former shareholders to the extent permitted under § 31D-14-1407(d)(2).

MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS

As the parties seeking removal and bearing the burden of proof, this unknown information must weigh against the C&I defendants' attempt to establish that Ryan Environmental's claims against Hess Oil are statutorily precluded under West Virginia law.

The other arguments advanced by the C&I defendants in support of their position that Hess Oil is a nominal defendant are equally unavailing. Although the Southern District of West Virginia held in Murray v. State Farm Fire and Cas. Co. 870 F. Supp. 123, 124 (S.D.W. Va. 1994), that a dissolved corporation was not a viable party to the action and could be disregarded for diversity purposes, that conclusion is not controlling here. This is because a differing statutory regime is now in place under West Virginia law[2] and also because, under the current standard in the Southern District of West Virginia, a party's nominal status is determined by "whether there is any legal possibility for predicting that [the party] may be held liable." Allen, 396 F. Supp.2d at 733. In applying this standard to the present case, there is a legal possibility for predicting that Hess Oil may be held liable.

---

[2] Title 31D of the West Virginia Code was enacted in 2002. See 2002 W. Va. 2d Ex. Sess. Ch. 25 (S.B. 2004) (Business Corporation Act).

MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS

Moreover, the reasoning on which the District of Connecticut relied in <u>Stonybrook Tenants Association, Inc.</u>, 194 F. Supp. 552, 558 (D. Conn. 1961), and on which the C&I defendants rely here, is equally unhelpful.  In that case, the district court premised its conclusion that two of the defendants were nominal defendants on its findings that they were shell corporations and had no assets subject to recovery. In a later case rejecting the reasoning in <u>Stonybrook</u>, the Western District of Virginia concluded that its jurisdiction could not be "premised upon the strength or weakness of a given defendant's financial statements," and that "[i]f this were true, a great number of cases now pending in the federal courts of this country would be improper due to the fact that some or all of the defendants in those suits are judgment-proof." <u>Bellone v. Roxbury Homes, Inc.</u>, 748 F. Supp. 434, 437 (W.D. Va. 1990).

In the present case, as noted, it is unclear whether Hess Oil or its former shareholders possess any assets. Even if they do not, however, that fact would not be dispositive inasmuch as a court's jurisdiction cannot turn solely on the financial strength of a given defendant. <u>See</u> <u>id.</u> Instead, the proper standard for determining whether Hess Oil is a nominal defendant is "whether

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS**

there is any legal possibility for predicting that [Hess Oil] may be held liable." <u>Allen</u>, 396 F. Supp.2d at 733. Here, Ryan Environmental has adequately stated a claim under which there is at least a possibility that Hess Oil may be held liable, and for that reason it is not a nominal party.

### 2. Fraudulent Joinder

The C&I defendants also argue that Hess Oil was fraudulently joined to the present suit and may be disregarded for diversity of citizenship purposes because Ryan Environmental has no hope of recovering on its claim against Hess Oil. The Fourth Circuit instructs that a party seeking to establish fraudulent joinder bears a "heavy burden":

> "In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts."

<u>Mayes v. Rapoport</u>, 198 F.3d 457, 464 (4th Cir. 1999) (quoting <u>Marshall v. Manville Sales Corp.</u>, 6 F.3d 229, 232 (4th Cir. 1993)); <u>see</u> <u>also</u> <u>Justice</u>, 2009 U.S. Dist. LEXIS 24668.

With regard to whether there is a possibility that a plaintiff would be able to establish a cause of action, the Fourth Circuit holds that a district court need not "predict with certainty how a state court and state jury would resolve the legal issues and weigh the factual evidence in the case," but that "there need be only a slight possibility of a right to relief.  Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends."  <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422, 425-26 (4th Cir. 1999) (citations omitted).

In the present case, the pleadings of the C&I defendants do not contend that Ryan Environmental committed outright fraud, but rather that there is no legal possibility that Ryan Environmental would be able to establish a cause of action against it.  <u>See</u> <u>Mayes</u>, 198 F.3d at 464.  The Court's inquiry therefore is limited to this issue.  For the reasons already discussed, the Court has identified at least a "glimmer of hope" of success for Ryan Environmental's claim against Hess Oil.  The C&I defendants, therefore, have failed to establish that Hess Oil was fraudulently joined by Ryan Environmental.  <u>Hartley</u>, 187 F.3d at 425-26.

**3.  Misjoinder**

MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS

The C&I defendants contend that Ryan Environmental has improperly joined its claim against Hess Oil with its claims against them, because the claims against each defendant do not arise out of the same transaction or occurrence, do not involve the same questions of law or fact, and are irrelevant to the other. Ryan Environmental, however, asserts that its claims against Hess Oil and the C&I defendants arise out of the same transaction or occurrence because both claims concern its effort to recover compensation from one defendant or the other for work it performed on the Mount Storm remediation project.

Under the doctrine of misjoinder, where diversity-destroying parties are misjoined, the proper remedy is for a district court to sever the claims against the misjoined parties, to remand the severed claims between the non-diverse parties, and to retain jurisdiction over the claims between the diverse parties. See Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). Although the doctrine has not been uniformly adopted or applied in all federal jurisdictions,[3] it has been

---

[3] As the Southern District of Illinois recognized, adoption of the doctrine is not uniform, and its application has been subject to great variation throughout the United States. See

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS**

adopted in both the Northern and Southern Districts of West Virginia. See Hughes, 2009 U.S. Dist. LEXIS 82550, at *15-16; and Ashworth, 395 F. Supp.2d at 409-10.

In applying the misjoinder doctrine in Hughes, Chief Judge Bailey declined to apply the "egriousness" standard required in some jurisdictions, instead looking to whether the defendants were properly joined pursuant to Federal Rule of Civil Procedure 20(a). Id. at *8-*9. After examining the joinder requirements of Rule 20(a) and cases applying the misjoinder doctrine, Hughes held that "[w]here a non-diverse party cannot be properly joined under the Federal Rules of Civil Procedure, the defendant's right of removal should prevail over that of permitting a plaintiff's choice of forum." Id. at *12. Through application of this standard, the court in Hughes concluded that, pursuant to Rule 20(a), the plaintiff's medical malpractice claim against her physician was misjoined to her products liability claims against the manufacturer and vendor of her treadmill, even though all of her claims

---

Rutherford v. Merck & Co., Inc., 428 F. Supp.2d 842, 851-55 (S.D. Ill. 2006) (declining to adopt the doctrine of misjoinder until it is adopted by the Supreme Court of the United States or the United States Court of Appeals for the Seventh Circuit and recognizing that its application in other jurisdictions has varied according to "egregiousnes" requirements, and an examination of whether claims are properly joined under state versus federal procedural law).

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS**

allegedly were the result of injuries she received from using her treadmill. Accordingly, it severed the claim between the plaintiff and her non-diverse physician from her products liability claims against the nonresident vendor and manufacturer of the treadmill, remanded her malpractice claim to state court, and retained jurisdiction over the products liability claims.

This Court's analysis of whether Ryan Environmental's claims are properly joined thus is confined to the requirements of Federal Rule of Civil Procedure 20(a). Rule 20(a)(2) states that two or more defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). In analyzing the requirements of permissive joinder under Rule 20, the Southern District of West Virginia has recognized that

> "[t]he rule imposes two specific requisites to the joinder of parties (1) a right to relief must be asserted out of the same transaction or occurrence; and [(2)] some question of law or fact common to all the parties will arise in the action."

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS**

<u>Ashworth</u>, 395 F. Supp.2d at 411 (quoting 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1653 (3d ed. 1998)).

Ryan Environmental seeks relief from Hess Oil for work it performed under an agreement with that company or, in the alternative, relief from the C&I defendants for this same work performed at their direction. Under either theory, the same work is involved and the same damages are sought. Thus, despite the differing legal and factual bases underlying each alternatively pleaded claim to relief, these alternative legal theories necessarily arise out of the same transaction or occurrence and implicate common questions of fact. Therefore, because Ryan Environmental's joinder of claims against Hess Oil and the C&I defendants falls squarely within the four corners of Rule 20(a)'s requirements, those claims are not misjoined and severance is unwarranted. <u>See</u> Fed. R. Civ. P. 20(a).

**4. Realignment**

Finally, the C&I defendants argue that if Hess Oil is not a nominal party, was not fraudulently joined or misjoined, the Court should nonetheless realign Hess Oil as a plaintiff and retain jurisdiction because, through realignment, all plaintiffs would

become diverse from all defendants.  In support of this argument, they assert that "federal law determines who is a plaintiff and who is a defendant for purposes of applying the removal statute, and the Court may realign the parties according to their real interests before deciding whether a true 'defendant' is petitioning for removal."  Smilgin, 854 F. Supp. at 465 (quoting Chicago, Rock Island, & Pacific Ry. Co. v. Stude, 346 U.S. 574, 580 (1954)).

To determine the proper alignment of the parties in an action, the Fourth Circuit applies the "principal purpose" test.  A & S Mfg. Co., Inc., 48 F.3d at 133.  Under this test, the Fourth Circuit makes the following inquires:

> First, the court must determine the primary issue in the controversy.  Next, the court should align the parties according to their positions with respect to the primary issue. If the alignment differs from that in the complaint, the court must determine whether complete diversity continues to exist.

Id.  In determining the primary issue with respect to each party's proper alignment in the case, "the answer is to be found not in legal learning but in the realities of the record."  City of Indianapolis v. Chase Nat. Bank of City of New York, 314 U.S. 63, 69 (1941).

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS**

Here, Ryan Environmental's primary interest is compensation for the work it performed at the Mount Storm site. Although it seeks to recover this amount either from Hess Oil or from the C&I defendants, its ultimate goal is to recover compensation from one or the other. Thus, even acknowledging that Ryan Environmental and Hess Oil might have a mutual interest in seeing Ryan Environmental compensated under the C&I defendants' Storage Tank policy, they are clearly adverse as to Ryan Environmental's ultimate goal of compensation. Realignment therefore is not proper. The parties are not entirely diverse and remand is proper.

## IV.   CONCLUSION

For the reasons stated on the record and discussed in this opinion, the Court **GRANTED** Ryan Environmental's motion to remand (dkt. no. 16), and **REMANDED** the case to the Circuit Court of Harrison County, West Virginia. It therefore **DENIES AS MOOT** the C&I defendants' motion to dismiss. (dkt. no. 14).[4]

---

[4] The Court further **DENIES** Ryan Environmental's request for attorneys fees and costs. Because this case was removed for an objectively reasonable, although incorrect, reason, attorneys' fees and costs are not recoverable. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND AND DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS**

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to all counsel of record and to mail a copy to the Circuit Court of Harrison County, West Virginia.

DATED: June 2, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE